### HART v. STEVENS.
### No. 4104.

District Court, M. D. Pennsylvania.
July 17, 1939.

R. L. Levy and Leon M. Levy, both of Scranton, Pa., for plaintiff.

William J. Fitzgerald, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is a motion to set aside the verdict entered in the above case, and to enter judgment in accordance with the plaintiff's motion for a directed verdict; or, in the alternative, for a new trial.

The case was tried on March 30, 1939, before the court and a jury. A stipulation was filed by which the parties agreed upon the essential facts, and at the conclusion of the evidence the court directed the jury to render a verdict in favor of the plaintiff for $7,927.22, with interest from March 28, 1939, the amount admitted by defendant to be due and owing. A point of law was reserved whether, under all the evidence, the plaintiff was entitled to the verdict entered, or to a verdict for $15,-946.14, as requested by his motion for a directed verdict.

The action is brought by John A. Hart, Receiver of the Union National Bank of Scranton, on a note given by the defendant on January 8, 1934. The execution of the note is not in dispute. It was given to the Union National Bank to take the place of two notes originally held by the bank. On one of these notes J. S. McAnulty, the deceased father of defendant, was the maker, and on the other the defendant was maker. The total present indebtedness on the note sued upon is $15,946.14, and is composed of an indebtedness of $7,927.22, on the defendant's original note, and an indebtedness of $8,018.92, on the note of defendant's deceased father. The defendant has pleaded the Act of June 8, 1893, P.L. 344, as a defense to that portion of the note which represents the obligation of her father. This act provides that a married woman cannot become accommodation endorser, maker, or surety for another. 48 P.S.Pa. § 32.

An examination of the record shows that the defendant was a married woman when she executed the note in question, that in so doing she assumed the obligation of her father to the extent of $8,018.92, and that to this extent the note was not given for her personal use, or for the improvement of her separate estate. Thus, the contract comes within the prohibition of the Act of 1893, P.L. 344, and the claim is void to the extent of $8,018.92. Munn, Trustee, et al. v. Lorch, 305 Pa. 55, 156 A. 97; Sears v. Bibeck, 321 Pa. 375, 184 A. 6.

It is ordered that the rule granted on April 5, 1939, to show cause why the verdict should not be set aside, and why judgment should not be entered in accordance with plaintiff's motion for a directed verdict, be and hereby is dismissed. Plaintiff's motion for judgment is refused, and a new trial is refused.